KALUS BROS. & CO. INC. *v.* MUSE, ET AL.

[No. 87, September Term, 1966.]

*Decided February 10, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and FINAN, JJ.

*Richard H. Lerch,* with whom were *Lerch & Huesman* on the brief for appellant.

*Hamilton O'Dunne,* with whom was *Patrick A. O'Doherty* on the brief for appellees.

PER CURIAM.

Judge Cullen, sitting without a jury in the Superior Court of Baltimore City, found "by a fair preponderance of the evidence" that the appellee, Agnes Muse, a plaintiff before him, was injured by reason of a defect in a tile floor which caused her to fall in an office on St. Paul Street leased by the Social Security Administration, and he awarded damages to Mrs. Muse and her husband. The appellant, Kalus Bros. & Co., Inc., the owner of the building in which the office was, assumed responsibility in the lease for the maintenance of the leased premises and agreed to make all necessary repairs and improvements.

The sole questions presented to us by the appellant are whether there was sufficient evidence that it was negligent and, if there was, whether that negligence was the proximate cause of the harm suffered by the appellee, Agnes Muse.

Kalus was notified on Monday, January 4, 1965, of defects in the tile floor in the Social Security office. An officer of Kalus inspected the floor that evening. Another complaining call went from Social Security to Kalus on Tuesday or Wednesday. On Thursday morning Mr. Kalus, accompanied by workmen and materials, including replacement tiles, appeared at the office ready to do "quite a bit of work which had to be done," but then decided after talking with Social Security officials that the repairs would seriously disrupt the necessary routine and work of the office, and agreed to return and perform the work in the evening after the close of business. This he did.

About 9:30 Thursday morning Mrs. Muse, who was sixty-seven years of age—she was categorized by appellant's counsel, who must have been using Social Security standards, as "a young lady"—arrived at the office accompanied by her son. As she was on her way to the desk of the interviewing agent, she slipped and fell, she says on a loose tile that became dislodged.

Kalus argues that the testimony of Mrs. Muse and of her son was so contradictory, conflicting and vague as to lack probative value, and claims that testimony of a Social Security employee that after the accident there was at least one "missing tile" nearby is subject to the same fatal weaknesses. It finds no evidentiary support for the appellees in the testimony of a photog-

rapher that on Friday morning there were tiles in the area of the fall that looked newer than the general run of the tiles in the floor. Kalus finds comfort in the testimony of other witnesses who testified that there were no loose tiles or other defects in the floor in the area where Mrs. Muse fell. It suggests that Mrs. Muse slipped on a properly waxed, sound floor, with no negligence of another contributing to her fall.

No good purpose would be served by an analysis of the testimony pro negligence or con. It is enough to say that our reading of the record leads us to believe that the trier of fact properly could find, despite not unusual minor discrepancies in accounts by witnesses of the incident, that Mrs. Muse fell because of a defect in the floor, and that Kalus was negligent in permitting the defect to remain uncorrected for as long a time as it did. Judge Cullen's findings as to the cause of the fall and Kalus' responsibility for it and its consequences were, in our view, entirely within permissible bounds.

*Judgment affirmed, with costs.*